UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SALLY HOLDINGS LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-285-SDJ |
| | § | |
| BOARD AMERICAS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This case involves a dispute regarding the existence of a contract between Plaintiff Sally Holdings LLC ("Sally") and Defendant BOARD Americas, Inc. ("Board"). On April 5, 2022, Sally brought this declaratory judgment action, ("Texas action"), pursuant to 28 U.S.C. § 2201(a) asking this Court to declare that there is no enforceable contract between the parties. Fifteen days later, Board filed suit against Sally in the United States District Court for the District of Massachusetts ("Massachusetts action")[1] raising, inter alia, a breach-of-contract claim based on the same alleged contract at issue in the Texas action.[2]

Now pending before this Court are the parties' competing motions to dismiss and enjoin. Board's Motion to Dismiss or, in the Alternative, to Transfer Plaintiff Sally Holdings LLC's Complaint to the District of Massachusetts, (Dkt. #4), requests

---

[1] *Bd. Ams., Inc. v. Sally Beauty Holdings, Inc.*, Case No. 1:22-CV-10595-AK (D. Mass. 2022).

[2] In the Massachusetts action, Board also asserts claims of intentional and negligent misrepresentation against Sally's Director of Supply Chain Analytics Jay DeBlank. *Bd. Ams.*, Case No. 1:22-CV-10595-AK, ECF No. 1 at 11–12 ¶¶ 60–68. On February 27, 2023, the District of Massachusetts dismissed an additional claim against Sally, brought under Chapter 93A of the Massachusetts General Laws. *Bd. Ams., Inc. v. Sally Beauty Holdings, Inc.*, No. 1:22-CV-10595-AK, 2023 WL 2248890, at *8 (D. Mass. Feb. 27, 2023). In that same decision, the District of Massachusetts denied DeBlank's motion to dismiss for lack of personal jurisdiction. *Id.*

1

dismissal or transfer of Sally's complaint to the District of Massachusetts. On the other hand, Sally's Motion to Enjoin Related Case, (Dkt. #21), requests that this Court enjoin the Massachusetts action and proceed with the Texas action. Having considered the motions, the briefing, and the applicable law, the Court concludes that Board's motion to dismiss will be **GRANTED**, and Sally's motion to enjoin will be **DENIED**.

## I. BACKGROUND

Sally is an international distributor and retailer of cosmetic supplies and equipment, while Board is a software company that provides business solutions and analytics. In August and September 2021, Sally—through its subsidiary entity Beauty Systems Group LLC ("Sally Beauty")—began preliminary discussions with Board about licensing Board's proprietary software to enhance Sally's business analytics. (Dkt. #1 at 2 ¶ 7) (Dkt. #4 at 9). Sally's Director of Supply Chain Analytics, Jay DeBlank, represented Sally in those negotiations with Board. (Dkt. #1 at 3 ¶ 9); (Dkt. #4 at 9). In October 2021, Board provided DeBlank a software-as-a-service agreement, an order form, and a service level agreement. (Dkt. #1 at 5 ¶ 25); (Dkt. #4 at 9–10). The parties dispute whether these documents were ever properly executed, and thus created a binding contract.[3]

While similar, the Texas action and the Massachusetts action have two key differences. First, the Texas action is a declaratory judgment case, while the

---

[3] In the Massachusetts action, Board alleges that the parties entered into a binding contract, and that Sally, in turn, breached said contract. *Bd. Ams.*, Case No. 1:22-CV-10595-AK, ECF No. 1 at 9–10 ¶¶ 45–49.

2

Massachusetts action is an affirmative lawsuit for damages. And second, DeBlank is a party to the Massachusetts action, *see supra* n.2, but not the Texas action.

## II. LEGAL STANDARDS

### A. First-to-File Rule

When parties are involved in multiple overlapping actions filed in different courts, federal courts generally follow the "first-to-file" rule, which directs "the court with 'prior jurisdiction over the common subject matter' [to] resolve all issues presented in related [subsequently-filed] actions." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 730 (5th Cir. 1985) (quoting *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971)). The first-to-file rule is "grounded in principles of comity and sound judicial administration" with an eye toward avoiding duplicate lawsuits producing inconsistent rulings or providing "piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quotations omitted). "To effectuate these principles, the rule provides that in the absence of compelling circumstances, the district court who gets the suit first should be the one to decide the case." *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (cleaned up).

However, the Fifth Circuit has recognized several "compelling circumstances" that warrant departure from the "first-to-file" rule. One such circumstance is that a first-filed declaratory action should be dismissed or stayed in favor of an affirmative suit when the parties and issues are the same and it appears that the first-filed declaratory judgment action was brought in anticipation of the affirmative plaintiff's

3

forthcoming suit. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 779 n.15 (5th Cir. 1993). Known as the "anticipatory filing exception," this well-recognized carveout to the "first-to-file" rule applies when a party has notice that the opposing party is considering filing a substantive suit against it, and the party therefore races to its preferred courthouse to be the first to file—seeking only declaratory relief. *Pontchartrain Partners*, 48 F.4th at 606; *Cormeum Lab Servs., LLC v. Coastal Labs., Inc.*, No. CV 20-2196, 2021 WL 5405219, at *9 (E.D. La. Jan. 15, 2021). *See also Abbott Lab'ys v. Gardner*, 387 U.S. 136, 155, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) ("A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere."). The Fifth Circuit has instructed that such a "race to the courthouse" is an improper use of the Declaratory Judgment Act—the federal statute that permits plaintiffs to sue for declaratory relief in federal court. *Pontchartrain Partners*, 48 F.4th at 606.

**B. Declaratory Judgment Act**

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). To decide whether to retain jurisdiction over a declaratory-judgment action, the Fifth Circuit requires that district courts engage in a three-step inquiry: (1) whether an actual controversy exists between the parties to the case, (2) whether the court has the authority to grant declaratory relief, and (3) whether the court should exercise its "broad discretion" to decide or dismiss the action. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

### III. DISCUSSION

The Court will not exercise its discretion to consider Sally's declaratory judgment action given the anticipatory nature of the suit and the compelling interests of judicial economy that weigh in favor one, rather than two suits—including the Texas action's substantial crossover with the Massachusetts action. *See* (Dkt. #21 at 14) ("Here, the core issues in both cases are identical: Sally seeks a declaration from this Court that the parties did not reach an enforceable agreement; Board has sued for breach of that same agreement."). Because the core issue to be decided in the Texas action—namely, the enforceability of the agreement between the parties—is fully presented in Board's breach-of-contract claim pending in the District of Massachusetts, transfer would be futile. Accordingly, as described herein, the Court will dismiss the Texas action.

#### A. First-to-File Rule

Sally asserts that the first-to-file rule governs, and thus the Court should (1) retain jurisdiction of this suit because it was filed before the Massachusetts action and (2) enjoin the Massachusetts action given the substantial overlap of the two suits. (Dkt. #21 at 10–11). However, the "anticipatory filing exception" applies when a party has notice that the opposing party is considering filing an affirmative suit against it, and yet files a declaratory-judgment action in its preferred court. *See Pontchartrain Partners*, 48 F.4th at 606. As described *infra* Section III(B)(iii), that is exactly what occurred here. As such, the Court applies the Fifth Circuit's three-part test to determine whether to exercise jurisdiction over the declaratory-judgment action—considering the anticipatory nature of the suit among other factors.

**B. Declaratory Judgment Act**

    **i. Actual Controversy**

As to the first consideration, the Court must determine whether there is an actual controversy between the parties. The requirement of an "actual controversy" refers to an Article III case or controversy. *Frye*, 953 F.3d at 294 (citation omitted). "In the declaratory judgement context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Fam., LLC*, 322 F.3d 835, 838 (5th Cir. 2003) (citation omitted). "In other words, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *ProBuild S. LLC v. Rice*, No. H-09-1845, 2009 WL 7765777, at *3 (S.D. Tex. Sept. 17, 2009) (citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). If no controversy exists, the court does not have subject-matter jurisdiction over the action. *Orix Credit All.*, 212 F.3d at 895. The plaintiff bears the burden of showing the existence of a justiciable controversy. *Frye*, 953 F.3d at 294.

Here, there is clearly an actual controversy regarding the existence of a contractual agreement between the parties. Indeed, Board's filing of the Massachusetts action, two weeks after Sally filed the instant declaratory-judgment action, raising, inter alia, a breach-of-contract claim concerning the same contract at issue in the Texas action, indicates that "an actual controversy of sufficient immediacy and reality between two parties who have adverse legal interests" exists.

*Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, No. CIVA 3:04-CV-1213-G, 2004 WL 2607987, at *5 (N.D. Tex. Nov. 16, 2004).

### ii. The Court's Authority

The second step of the inquiry is to determine whether the Court has authority to grant relief. The Court concludes that it does. The Fifth Circuit instructs that courts do not have authority to grant relief in declaratory-judgment actions when "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act." *Travelers Ins. Co.*, 996 F.2d at 776 (citation omitted).

"In this case, where the declaratory judgment action is substantially similar to a parallel federal court action, this court will automatically have the authority to decide the suit if it has subject matter jurisdiction over the claim and there are no pending state court actions." *Mill Creek Press, Inc.*, 2004 WL 2607987, at *5. The second step is satisfied because this Court has subject-matter jurisdiction over the Texas action,[4] the Massachusetts action is substantially similar to the Texas action and is pending in a sister federal court, and there is no parallel pending state court action.

---

[4] The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* (Dkt. #1 at 1–2 ¶¶ 1–3). Sally is a Delaware limited liability company whose sole member is Sally Beauty. Sally Beauty is incorporated in Delaware with its principal place of business in Denton, Texas. Board is a corporation incorporated in Massachusetts with its principal place of business in Chiasso, Switzerland. Thus, there is complete diversity between the parties. Further, the amount in controversy exceeds $75,000. This satisfies Section 1332.

### iii. Exercise of Discretion

In assessing the third prong—namely, whether to exercise its discretion over declaratory judgment actions—the Court must consider the following non-exclusive *Trejo* factors:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff's suit was brought in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994). These factors address issues regarding federalism and comity, fairness, and efficiency which may be implicated in declaratory-judgment suits. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391–92 (5th Cir. 2003). Such analysis is necessary because district courts are "not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (citation omitted). *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137,

8

132 L.Ed.2d 214 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

Because the first two declaratory judgment considerations—actual controversy and the Court's authority—are easily satisfied, the Court focuses its analysis on the seven *Trejo* factors regarding whether to exercise its discretion to consider this case. Sally contends that six of those factors weigh in favor of this Court retaining jurisdiction. (Dkt. #15 at 24). The Court does not agree.

### a. Federalism and Comity

First, the Court considers federalism and comity concerns. There is no pending state lawsuit related to the instant action. Indeed, both the Texas action and the Massachusetts action are pending in federal courts. And this Court is not being called on to construe a state judicial decree. Accordingly, these factors weigh in favor of retaining jurisdiction over the Texas action. *See Sherwin-Williams Co.*, 343 F.3d at 394 ("The absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action.").

### b. Fairness

Second, the Court addresses fairness concerns—specifically, whether the plaintiff filed a declaratory judgment action to unfairly abridge an opposing party's right to file an affirmative action in the forum of its choosing. *Pontchartrain Partners*, 48 F.4th at 606. This fairness inquiry considers "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, whether the plaintiff engaged in forum shopping in bringing the suit, and whether possible inequities in allowing the

9

declaratory plaintiff to gain precedence in time or to change forums exist." *MH Sub 1, LLC v. FPK Services, LLC*, No. 1:18-CV-834-RP, 2019 WL 13138139, at *9 (W.D. Tex. June 21, 2019). The Court addresses each factor in turn.

As to the first fairness factor, the record before the Court indicates that Sally filed this declaratory judgment action in anticipation of imminent litigation. While it is not necessarily improper for a party to file anticipatory litigation in a court with jurisdiction, *Sherwin-Williams Co.*, 343 F.3d at 391, such filing may be found improper where the effect is to improperly deny an affirmative plaintiff's forum selection of its choosing. To determine whether a suit is anticipatory, "courts scrutinize the parties' activities prior to filing of a suit." *Paragon Indus., L.P. v. Denver Glass Mach., Inc.*, No. CIV3-07CV2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008).

Here, after months of unsuccessful negotiations regarding the existence of a contract, Board sent Sally a letter on April 1, 2022, threatening litigation and requesting a response by April 6, 2022. (Dkt. #42 at 5). In its complaint before this Court, Sally acknowledges that it understood Board's intention in the letter to seek litigation. (Dkt. #1 at 9 ¶ 54) ("Nonetheless, on February 2, 2022[,] and again on April 1, 2022, BOARD threatened Sally with litigation over the existence of a contract."). Yet, the day before the April 6 deadline to respond to Board's letter, Sally filed the instant declaratory-judgment lawsuit. This is clear evidence of an anticipatory filing to "pre-empt the timing and forum of [Board's] underlying suit." *MH Sub 1*, 2019 WL 13138139, at *9. *See also Amerada Petroleum Corp. v. Marshall*,

381 F.2d 661, 663 (5th Cir. 1967) (finding anticipatory filing where declaratory judgment plaintiff filed suit three weeks after receiving a letter from defendant threatening litigation).

As to the second fairness factor, Sally's unsubstantiated statement that it "did not engage in forum shopping, but filed in its home district," is unavailing. (Dkt. #15 at 25). Rather, the record reflects that once Sally was on notice that Board intended to file suit, Sally raced to its preferred courthouse even though the alleged contract contained a forum selection clause requiring the parties to bring any dispute regarding the parties' agreement in Boston, Massachusetts. *Bd. Ams.*, Case No. 1:22-CV-10595-AK, ECF No. 1-1 at 10 ¶ 13.3 ("The Courts in Boston shall have exclusive jurisdiction to adjudicate any dispute or claim arising out of or relating to this Agreement (including non-contractual disputes or claims)."). Because forum selection clauses are presumed valid, it is likely that Sally filed this action to avoid having to litigate in Massachusetts. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F.App'x 612, 615 (5th Cir. 2007) (per curiam) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) for the proposition that forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"). This is the type of improper forum selection that the Fifth Circuit counsels against. *See Pontchartrain Partners*, 48 F.4th at 606 ("This 'race to the courthouse' represented a misuse of the Declaratory Judgment Act that attempted to preempt the proper plaintiff's forum choice.").

And finally, as to the third fairness factor, inequities arise when anticipatory actions deprive a party from selecting a forum to bring their affirmative claim. *See First Nat'l Title Ins. Co. v. Entrust Enters., LLC*, No. 4:21-CV-00462-SDJ-CAN, 2022 WL 393198, at *3 (E.D. Tex. Jan. 7, 2022), *report and recommendation adopted*, No. 4:21-CV-462-SDJ, 2022 WL 386090 (E.D. Tex. Feb. 8, 2022). Indeed, courts in the Fifth Circuit favor dismissing or transferring declaratory-judgment actions that deprive the true plaintiff of filing their affirmative case in a forum of its choosing. *See, e.g.*, *Cedarstone Indus., LLC v. C4, LLC*, No. 4:21-CV-02719, 2022 WL 369830, at *5 (S.D. Tex. Feb. 7, 2022). In the instant case, Board's breach-of-contract claim forms the substantive claim. Because Sally's declaratory action strips Board's right to claim relief in the forum of its choosing, this factor weighs in favor of dismissal or transfer.

Accordingly, all fairness factors strongly weigh in favor of dismissal or transfer of the declaratory-judgment action.

### c. Efficiency

Third, the Court considers efficiency concerns—specifically, the convenience of the forum and whether retaining jurisdiction serves the purposes of judicial economy. As to the convenience of the forum, this factor is neutral. Board is headquartered in Boston, Massachusetts and may have potential witnesses located there. On the other hand, Sally is headquartered in Denton, Texas, and has indicated that it may want to call as witnesses its employees Jay DeBlank and Andrew Rowley, who both reside in Denton, Texas, and Board's employee James Garnett, who Sally has a good faith basis to believe lives in Lake Dallas, Texas. (Dkt. #15 at 19). Because each party may

call witnesses from Texas and Massachusetts, the Court cannot conclude that one location will be more convenient than the other.

Retaining this suit in the Eastern District of Texas, however, does not promote judicial economy. The sole issue to be resolved in the Texas action is one of Massachusetts contract law—i.e., whether there is a valid contract between the parties under Massachusetts law. *Bd. Ams.*, Case No. 1:22-CV-10595-AK, ECF No. 1-1 at 10 ¶ 13.3 ("This Agreement and all disputes and claims arising hereunder shall be governed exclusively by, and construed exclusively in accordance with, the laws of Massachusetts, without regard to its conflicts of law provisions."). Because Massachusetts courts—either federal or state—are better equipped to apply Massachusetts substantive law, this fact weighs in favor of dismissing or transferring the Texas action. *See Dynamic Sports Nutrition, LLC v. Hi-Tech Pharm., Inc.*, No. CV H-15-2645, 2016 WL 1028691, at *5 (S.D. Tex. Mar. 15, 2016) (finding federal court in Georgia "would best be suited to handle and would be able to address most efficiently" claims raised "under Georgia statutory and common law" as opposed to federal court in Texas).

Finally, the issues raised in the Texas action and the Massachusetts action substantially overlap. In the Texas action, Sally seeks a declaratory judgment that there is no enforceable contract between the parties, (Dkt. #1 at 10 ¶ 57), while in the Massachusetts action, Board asserts a breach-of-contract claim relating to the same contract in question, *Bd. Ams.*, Case No. 1:22-CV-10595-AK, ECF No. 1 at 9–10 ¶¶ 45–49. Assuredly, in the Massachusetts action, Sally will argue the

13

unenforceability of the contract as an affirmative defense to Board's breach-of-contract claim—the exact issue to be addressed in the Texas action.

In fact, the only key difference between the competing lawsuits is Board's intentional and negligent misrepresentation causes of action against Sally's Director of Supply Chain Analytics, Jay DeBlank, who is not a party in the Texas action. *Bd. Ams.*, Case No. 1:22-CV-10595-AK, ECF No. 1 at 11–12 ¶¶ 60–68. If this Court were to entertain the instant declaratory-judgment action, the District of Massachusetts would still have to adjudicate the causes of action against DeBlank not present in the Texas action. And because DeBlank was Sally's employee and agent responsible for negotiating a potential agreement with Board, DeBlank's role in those negotiations is included among the matters in controversy in both suits, making it nearly certain that his testimony will be required in both the Massachusetts and Texas actions. This result would frustrate judicial economy by necessitating two suits, rather than one, and requiring duplicative testimony concerning similar issues.

Instead, the issues in dispute are more efficiently addressed together in the Massachusetts action because there, the court can determine the issues of enforceability, breach of contract, *and* the separate claims related to DeBlank. *See Cedarstone Indus.*, 2022 WL 369830, at *5 (finding judicial economy weighs against retaining lawsuit when "to fully resolve the issues would require litigation in [multiple] courts").

Accordingly, these claims are more efficiently resolved in the same court, which can only be adequately addressed in Board's affirmative suit in the District of Massachusetts given the inclusion of DeBlank in only the Massachusetts action.[5]

\*\*\*

Because Sally's anticipatory filing creates issues of forum shopping and fairness and frustrates judicial economy concerns, the *Trejo* factors weigh in favor of dismissing or transferring the Texas action. The Court finds the former appropriate because the Massachusetts action fully encompasses Sally's claim before this Court. Accordingly, because transfer would be futile, the Court will dismiss the Texas action.

Since the Court dismisses this case, it will not consider a transfer analysis under 28 U.S.C. § 1404(a). *See, e.g.*, *Watkins Strategy & Res. Grp. v. WLC, LLC*, 433 F.Supp.2d 778, 785 (S.D. Miss. 2006). Similarly, because the Court grants the motion to dismiss, it denies as moot Sally's competing motion to enjoin.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant BOARD Americas, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer Plaintiff Sally Holdings LLC's Complaint to the District of Massachusetts, (Dkt. #4), is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion to Enjoin Related Case, (Dkt. #21), is **DENIED as moot**.

---

[5] Sally's additional argument that the District of Massachusetts likely lacks jurisdiction over DeBlank, (Dkt. #15 at 24), is foreclosed by that court's February 27, 2023, order denying DeBlank's motion to dismiss for lack of jurisdiction. *Bd. Ams.*, No. 1:22-CV-10595-AK, 2023 WL 2248890, at \*8.

It is further **ORDERED** that Plaintiff Sally Holdings LLC's declaratory judgment claim against Defendant BOARD Americas, Inc. is **DISMISSED with prejudice**.

The Court will enter a final judgment by separate order.

**So ORDERED and SIGNED this 10th day of July, 2023.**

*[signature]*

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE